## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DEBRA A. PAULINO,**

     **Plaintiff,**

**v.**                                           **No. 15-cv-0371 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

     **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on October 5, 2015. The Commissioner responded on January 29, 2016. [Doc. 24]. Plaintiff replied on February 18, 2016. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 5]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to correctly evaluate the opinions of Dr. Owen and Dr. Loescher. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. *See* Tr. 421–31.

by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.   While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."   *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).   "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.   20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).   At the first four steps of the SEP, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or

equal one of the "Listings"[2] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 19 and 31, 2010. Tr. 12. She alleged a disability onset of April 22, 2010. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Barbara Licha Perkins held a hearing on September 21, 2012, but retired before issuing a decision. Tr. 45; *see* Tr. 47–83. Therefore, ALJ Michelle K. Lindsay held a second hearing on August 28, 2013, in Albuquerque, New Mexico. Tr. 12, 29. Plaintiff appeared in person with her attorney at the hearing before ALJ Lindsay. Tr. 12, 29. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Diane Weber. Tr. 12, 35–41.

The ALJ issued her unfavorable decision on September 27, 2013. Tr. 23. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

following severe impairments:  "stable anterior cruciate ligament tear of the right knee, asthma, a mood disorder secondary to medical condition, and an adjustment disorder[.]"  *Id.*  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 14–16.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 16–21.  The ALJ found that:

> [Plaintiff] has the [RFC] to perform a limited range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a), as follows:
>
> • The ability to lift and/or carry and push and/or pull 10 pounds occasionally;
>
> • The ability to sit for six hours total in an eight-hour workday;
>
> • The ability to stand and/or walk two hours total in an eight-hour workday;
>
> • The ability occasionally to climb stairs and ramps, crouch, kneel, and crawl;
>
> • The ability never to climb ladders, ropes, and scaffolds;
>
> • The need to avoid concentrated exposure to extreme cold and pulmonary irritants;
>
> • The ability to maintain attention and concentration to perform simple tasks for two hours at a time without requiring redirection to task;
>
> • [Plaintiff] requires work that involves only superficial interactions with coworkers and supervisors but is able to interact on a superficial basis;
>
> • [Plaintiff] should have only occasional contact with the general public; and
>
> • [Plaintiff] is able to respond appropriately to changes in the routine work setting.

Tr. 16.  At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 21.  Accordingly, the ALJ proceeded to step five.  Based on Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.  Tr. 21–22.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim.  Tr. 22–23.  The Appeals Council denied Plaintiff's request for review on March 31, 2015.  Tr. 1–5.  Plaintiff timely filed the instant action on May 1, 2015.  [Doc. 1].

## Discussion

Plaintiff argues that the ALJ erred in failing to explain why she rejected some of the limitations assessed by Dr. Owen and Dr. Loescher.  [Doc. 18] at 6–8.  Plaintiff does not argue that the ALJ was bound by the doctors' opinions.  *See id.*  Rather, she correctly points out that because the ALJ adopted some, but not all, of the doctors' assessed limitations, the ALJ was required to explain her reasoning.  *Id.* at 8 (citing SSR 96-8p, 1996 SSR LEXIS 5, at *20 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")).  The ALJ in this case rejected portions of Dr. Owen's and Dr. Loescher's opinions without providing adequate explanation.  The error warrants remand.  Because proper evaluation of these medical opinions render moot the errors alleged regarding "special conditions" and at step five, the Court need not reach it at this time.

## Legal standards

ALJs are not required to discuss every piece of evidence, but they are required to discuss the weight assigned to each medical source opinion.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156,

1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(c), 416.927(e)(2)(ii)).  Specifically, when

assessing a plaintiff's RFC, an ALJ must explain what weight is assigned to each opinion and

why.  SSR 96-5p, 1996 WL 374183 at *5.  "[T]here is no requirement in the regulations for a

direct correspondence between an RFC finding and a specific medical opinion on [a specific]

functional capacity . . . because the ALJ, not a physician, is charged with determining a

claimant's RFC from the medical record."  *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir.

2012) (alteration and internal quotation marks omitted).  Nevertheless, "if the RFC assessment

conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was

not adopted."  SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7; *see* 20 C.F.R.

§§ 404.1572(c), 416.927(c).

Moreover, "[a]n ALJ is not entitled to pick and choose through an uncontradicted

medical opinion, taking only the parts that are favorable to a finding of nondisability."  *Haga*,

482 F.3d at 1208.  In *Haga*, in 2007, the Tenth Circuit held that the ALJ erred in failing to

explain why she adopted some of a consultative examiner's ("CE") restrictions but rejected

others.  *Id.*  "[T]he ALJ did not state that any evidence conflicted with [the CE's] opinion or

mental RFC assessment.  So it [was] simply unexplained why the ALJ adopted some of

[the CE's] restrictions but not others."  *Id.*  The court, therefore, remanded "so that the ALJ

[could] explain the evidentiary support for his RFC determination."  *Id.*

### Dr. Owen's opinion

Dr. Owen examined Plaintiff on June 14, 2011, and in relevant part, opined that she had

"moderate-to-marked difficulty focusing and attending at many work tasks."   Tr. 329.

7

Dr. Owen attributed this difficulty to Plaintiff's being "extremely focused on the pain in her right knee to the exclusion of other things that she may need to attend to." *Id.* The ALJ expressly rejected this portion of Dr. Owens' opinion because she found it was "related" to Plaintiff's focusing on her knee pain. Tr. 19. Of course, it would make no sense to reject Dr. Owen's opinion about Plaintiff's limitations simply because Dr. Owen believed the limitations were "related" to Plaintiff's knee. After all, the ALJ herself found that Plaintiff's severe mood disorder was secondary to her knee problems. Tr. 14.

Additionally, Plaintiff challenges the ALJ's other reason for rejecting this portion of Dr. Owen's opinion, to wit: it was "inconsistent" with the results of the Mini-Mental State Exam ("MMSE"). [Doc. 18] at 7–8. She argues that there is no evidence in the record suggesting that Plaintiff's MMSE score (27/30) is inconsistent with a marked-to-moderate limitation on the ability to focus and attend to work tasks. *Id.* Plaintiff argues that the ALJ's finding, therefore, impermissibly crosses the line from adjudicator to "render[ing] a psychological opinion." *Id.*

<u>Dr. Loescher's opinion</u>

Dr. Loescher opined that Plaintiff "may be moderately impaired in her ability to function in a work setting on a sustained basis without additional support to assist her in dealing with her depressive symptoms." Tr. 333. The ALJ gave "significant weight to Dr. Loescher's functional assessment[.]" Tr. 19. Nevertheless, Plaintiff complains that this portion of Dr. Loescher's opinion (i.e. moderate limitation in *sustained* functioning at work) is not reflected in the RFC, and with no explanation as to why it was omitted, there is reversible error. [Doc. 18] at 8.

Additionally, Plaintiff argues that the ALJ should have considered whether Dr. Loescher's phrase, "additional support," actually referred to the "special conditions" described at §§ 404.1573(c), 416.973(c).  [Doc. 18] at 8.

### Analysis

Although the Commissioner submitted a document entitled "Brief in Response," she never gets around to actually responding to Plaintiff's alleged errors.  [Doc. 24] at 7–13.  Her "response" is almost entirely unhelpful.  Rather than addressing Plaintiff's claims, the Commissioner focuses on the most general requirements for supporting an RFC and conclusorily asserts that there is no error in this case.  *See id.*

Defendant impliedly argues that because the dispute arises from Dr. Owen's and Dr. Loescher's opinions about a "moderate-to-marked" and a "moderate" limitation—rather than "extreme" limitations—the disputes are inconsequential.  [Doc. 24] at 9.  Besides, Defendant argues, there is no requirement for the RFC to precisely track any medical opinion.  *Id.*  She adds that the RFC should be based on all of the evidence of record.  *Id.* at 10, 11.  The Commissioner further argues—conclusorily—that the ALJ provided "reasonable justification" for rejecting the disputed portion of Dr. Owen's opinion.  *Id.*  Lastly, Defendant argues that Plaintiff is merely asking the Court to reweigh the evidence.  *Id.* at 11.  "For all of these reasons," Defendant argues that the ALJ adequately accounted for Dr. Owen's and Dr. Loescher's opinions.  *Id.* at 10.  Defendant does not address Plaintiff's claims of error, and the Response is unpersuasive.

The Court agrees with Plaintiff as to Dr. Owen's opinion.  There is *no* evidence that the MMSE score is inconsistent with a limitation on focusing and attending.  In fact, the evidence suggests that they are consistent because it was the same doctor (Dr. Owen) who both administered the MMSE and assessed the disputed limitation.  Considering that there is no obvious inconsistency, no evidence suggesting inconsistency, and no contrary argument from the Commissioner, the Court finds that the ALJ impermissibly substituted her own medical opinion for Dr. Owen's.  *See Hamlin,* 365 F.3d at 1221 (prohibiting same).  The ALJ's reasons for rejecting Dr. Owen's moderate-to-marked limitation on Plaintiff's ability to focus and attend are inadequate.  Remand is warranted for proper evaluation of Dr. Owen's opinion. *See* SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.").

The Court also agrees with Plaintiff that the ALJ impermissibly failed to explain why she did not incorporate into the RFC Dr. Loescher's assessed limitation in Plaintiff's ability to "function in a work setting on a sustained basis without additional support to assist her in dealing with depressive symptoms."  Tr. 333.

Neither of these errors is harmless because the RFC would have been more restrictive if the ALJ had incorporated either or both of the disputed limitations into it.  *See Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of [RFC].").

The error as to Dr. Loescher's opinion is also not harmless because a reasonable administrative fact finder could have found the limitation to be uncontradicted[3] and thus requiring explanation if omitted. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (An error is harmless if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").

### Conclusion

Remand is warranted for application of the correct legal standards to Dr. Owen's and Dr. Loescher's opinions. *See* SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted."). Proper evaluation of their opinions may affect the RFC and, thus, may render moot Plaintiff's claimed errors as to "special conditions" and at step five. Therefore, the Court declines to address the step-five error at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[3] *See* Tr. 357–58 (Dr. Gucker's opinion that Plaintiff has moderate limitations in the ability to (1) sustain an ordinary work routine without special supervision, (2) maintain regular work attendance, and (3) complete a normal workday and workweek without interruptions from psychologically based symptoms).